**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

August 30, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____**NM**_____

DEPUTY

| | |
|---|---|
| **MARIA BASS,** | |
| *Plaintiff,* | |
| **v.** | **Case No. 5:23-cv-352-RCL** |
| **MICHAEL PADRON,** | |
| *Defendant.* | |

## MEMORANDUM ORDER

This case concerns the last residual claim stemming from a yearslong conflict between Travelers Casualty and Surety Company of America (Travelers) and a group of more than a dozen defendants (Travelers Litigation). In the original litigation, plaintiff Travelers Casualty and Surety Company of America sued to enforce an indemnity agreement it had executed with the defendants, including both parties in the present action. *See Travelers Cas. & Sur. Co. of Am. v. Padron*, No. 5:15-cv-200, 2015 WL 1981563 (W.D. Tex. May 1, 2015). As discussed below, the Travelers Litigation has been completely resolved.

On December 12, 2015, a defendant in the Travelers Litigation named Maria Bass (formerly Maria Padron) filed a third-party cross-claim against her ex-husband and co-defendant Michael Padron seeking indemnification for any amount she might owe Travelers. Bass's cross-claim was based on an underlying indemnification agreement contained in a Divorce Decree she obtained in Bexar County, Texas on October 25, 2013. *See* Maria Padron Answer, ECF No. 115. Although Mr. Padron did not answer the cross-claim, Ms. Bass failed to take further action on it during the pendency of the Travelers Litigation.

On March 21, 2023, this Court entered Final Judgment in favor of Travelers. *See* Mem.

Order, *Travelers Cas. & Sur. Co. of Am. v. Padron*, No. 15-cv-200-DAE (W.D. Tex. Mar. 21,

2023), ECF No. 389. Because Ms. Bass's outstanding cross-claim against Mr. Padron involved

"different questions of law and fact from Travelers's claims," the Court further ordered that Bass's

cross-claim be severed and refiled as a separate case for further proceedings in accordance with

Federal Rule of Civil Procedure 21. *Id.*

Before the Court now is Ms. Bass's sole filing in the separate case: a Motion for Summary

Judgment seeking relief on her original cross-claim. For the reasons that follow, the Court will

**DENY** her motion as procedurally improper.

Additionally, the Court will **ORDER** that Ms. Bass show cause as to why this Court should

not dismiss the case for lack of subject matter jurisdiction.

## I.      DISCUSSION

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction," and without an explicit grant of

jurisdiction, a federal court cannot rule on the merits of a claim. *Kokkonen v. Guardian Life Ins.*

*Co. of Am.*, 511 U.S. 375, 377 (1994). Before addressing the merits of a claim, a federal court

must first confirm that it has jurisdiction to hear that claim. *Steel Co. v. Citizens for a Better*

*Env't*, 523 U.S. 83, 94 (1998). When, as here, a claim is severed from an original lawsuit, it

becomes an "independent action[] requiring an independent jurisdictional basis." *United States v.*

*O'Neil*, 709 F.2d 361, 375 (5th Cir. 1983); *see also* Fed. R. Civ. P. 21 (granting federal courts the

authority to "sever any claim against a party"). "Courts . . . have an independent obligation to

determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any

party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Therefore, if after the severance of a

claim into an independent action a Court determines "that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Congress has conferred original subject matter jurisdiction on federal district courts through the enactment of statutes. Relevant here are 28 U.S.C. §§ 1332 and 1367. The first of these statutes confers so-called diversity jurisdiction on federal courts to hear civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . between . . . citizens of different States." 28 U.S.C. § 1332. The second of these statutes confers on federal courts so-called supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).[1]

Ms. Bass's original cross-claim consisted of three paragraphs, which were reproduced in the Motion for Summary Judgment currently before this Court. *See* Mot. for Summ. J. at ¶¶ 2–4. But nothing in these short paragraphs indicates what jurisdictional basis exists for this Court to rule on Ms. Bass's claim. The Travelers Litigation invoked the Court's diversity jurisdiction because it involved Travelers, a corporation that was both incorporated and had its principal place of business in Connecticut, suing a variety of defendants who were all citizens of other states. *See* Compl. at ¶ 30, *Travelers Cas. & Sur. Co. of America v. Padron*, No. 15-cv-200-DAE (W.D. Tex. Mar. 17, 2015), ECF No. 1. Here, however, there does not appear to be diversity of citizenship. Based on the filings in the Travelers Litigation, Ms. Bass is a resident of Bulverde, Texas and Mr. Padron is a resident of San Antonio, Texas. And even if Ms. Bass and Mr. Padron were diverse

---

[1] A third form of subject matter jurisdiction, federal question jurisdiction, confers on district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is not implicated in this case.

parties, the underlying basis for Ms. Bass's suit for indemnification appears to be an agreement in a state-issued Divorce Decree. *Id.* at ¶ 3. Without some statutory basis for exercising jurisdiction, it is not for this Court to enforce the divorce decrees of state courts, and to the extent Ms. Bass is asking this Court to do that, the relief she is seeking will be denied.

Additionally, Ms. Bass cannot invoke the Court's supplemental jurisdiction because the original claims in the Travelers litigation have all been resolved. For a court to exercise supplemental jurisdiction over a state-law claim in a civil action, the state-law claim must be "related to claims in the action within [the] original jurisdiction [of the court]." 28 U.S.C. § 1367(a). Even if Ms. Bass's original cross-claim properly invoked this Court's supplemental jurisdiction,[2] once it was severed from the federal claim, it was "no longer a related claim because there is no federal claim to which it can relate." *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 638 (5th Cir. 2014). The Court must therefore have independent subject matter jurisdiction over the cross-claim and, as discussed above, the Court does not have such independent jurisdiction.

The Court therefore believes it is without power to review this case. Ms. Bass's short statement in her Motion for Summary Judgment that she "sues Michael Bass for indemnification for the damages assessed against her in the Travelers litigation" does not give this Court a basis for exercising jurisdiction. Pl's Mot. for Summ. J. at ¶ 4

### B. Insufficiency of Process

In any event, the procedural posture of the case precludes granting the Motion for Summary Judgment. The Federal Rules of Civil Procedure provide detailed instructions that a plaintiff must follow before a federal court will hear the merits of their claim. First, in order to commence a new

---

[2] This issue was not raised in any of Ms. Bass's pleadings and is explicitly not reached by the Court in this Order.

civil action, the party seeking relief must file a complaint. Fed. R. Civ. P. 3. Once a plaintiff files a complaint, they must either concurrently or soon after present a summons to the clerk for signature and seal. Fed. R. Civ. P. 4(b). Once the clerk issues the summons, the plaintiff has ninety (90) days to effectuate service on the defendant with the summons and copy of the complaint in accordance with the Rules. Fed. R. Civ. P. 4(c)(1), (m). And unless service is waived, "proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). If the defendant does not waive service, they have 21 days after being served with the summons and complaint to serve an answer. Fed. R. Civ. P. 12(a)(1)(A)(i).

Ms. Bass has taken none of these requisite steps. The only filing Ms. Bass has made since this Court severed her claim on March 21, 2023, is the Motion for Summary Judgment currently before the Court. Pl's Mot. for Summ. J., ECF No. 390. And while the Court has serious concerns as to whether Ms. Bass has complied with the requirements of a complaint in Federal Rule of Civil Procedure 8(a)(1) (most notably by failing to provide "a short and plain statement of the grounds for the court's jurisdiction"), more glaring is the lack of any indication that Ms. Bass has properly served Mr. Padron in accordance with Rule 4. Ms. Bass's Motion for Summary Judgment asserts that she has "complied with the notice provisions contained in the [state law divorce] Decree to enforce her right of indemnification." *Id.* at ¶ 4. Regardless of whether that is true as a matter of state law,[3] she has fallen well short of the obligations imposed on her by the Federal Rules of Civil Procedure.

The only evidence that Ms. Bass has provided to show that Mr. Padron knows about this claim for indemnification is a letter she sent to Mr. Padron's attorney on April 10, 2012, which was eight months *before* she filed her cross-claim in the Travelers Litigation. *Id.* Ex. 2.

---

[3] And again, the Court makes no finding as to this state law question.

The Motion [ECF No. 390] for Summary Judgment is **DENIED** as procedurally improper.

The Court further **ORDERS** the plaintiff to show cause within thirty days of this Order why it should not dismiss this case for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date: August 30, 2024.

Royce C. Lamberth
United States District Judge

6