FILED
November 27, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
                    DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIA BASS,

    *Plaintiff,*

v.

MICHAEL PADRON,

    *Defendant.*

Case No. 5:23-cv-352-RCL

## MEMORANDUM ORDER

In 2015, Travelers Casualty and Surety Company of America ("Travelers") sued a group of defendants, including both parties in the present action, to enforce an indemnity agreement it had executed with them. *Travelers Cas. & Sur. Co. of Am. v. Padron*, No. 5:15-cv-200, 2015 WL 1981563 (W.D. Tex. May 1, 2015). Later that year, the plaintiff in this case Maria Bass filed a third-party cross-claim against her ex-husband and co-defendant Michael Padron seeking indemnification for any amount she might owe Travelers. *See* Maria Padron Answer 12–13, ECF No. 115. Bass's cross-claim was based on an indemnification agreement in the 2013 Divorce Decree she and Padron had signed in Bexar County, Texas. *Id.* at 12–13. In March 2023, this Court entered a judgment for Travelers against several of the defendants, including Ms. Bass. *See* Mem. Order, *Travelers Cas. & Sur. Co. of Am. v. Padron*, No. 15-cv-200-DAE (W.D. Tex. Mar. 21, 2023), ECF No. 389. Because Ms. Bass's outstanding cross-claim against Mr. Padron involved "different questions of law and fact from Travelers's claims," the Court further ordered that Bass's cross-claim be severed and refiled as a separate case for further proceedings in accordance with Federal Rule of Civil Procedure 21. Mem. Order 10, ECF No. 389.

In this case, which was created on the docket by the severance of Ms. Bass's cross-claim, Ms. Bass filed a Motion for Summary Judgment asking this Court to find that Mr. Padron must indemnify her for the outstanding judgment against her in the amount of $15,675,794.89. Pl.'s Mot. for Summ. J. 3, ECF No. 390. This Court denied Ms. Bass's Motion for Summary Judgment in August 2024, and it simultaneously ordered Ms. Bass to show cause as to why the Court should not dismiss her case for lack of subject matter jurisdiction. Mem. Order, ECF No. 391.

Ms. Bass responded on September 26, 2024. Pl.'s Resp., ECF No. 392. Her response failed to offer any jurisdictional basis for this Court to hear her claims. Therefore, Ms. Bass's remedy lies with the Bexar County courts to enforce the Divorce Decree she cites as the basis for her indemnification claim. For the reasons set forth in the Court's Memorandum Order on August 30, 2024, it is hereby

**ORDERED** that this case is **DISMISSED** and the Clerk of the Court shall remove it from the docket of the Court.

**IT IS SO ORDERED.**

Date: November 27, 2024.

Royce C. Lamberth
United States District Judge